No. 6            February 7, 2013            205

IN THE SUPREME COURT OF THE
STATE OF OREGON

Inquiry Concerning a Judge
Re: THE HONORABLE TIMOTHY BARNACK,
*Accused*.
(CJFD No. 12-24; SC S060976)

En Banc

On review of the Commission on Judicial Fitness and Disability Stipulation to Facts and Consent to Censure.

The Honorable Patricia Sullivan, Chair, Oregon Commission on Judicial Fitness and Disability, submitted the stipulation.

PER CURIAM

The accused is censured.

## PER CURIAM

This is a proceeding to inquire into the conduct of a circuit court judge. ORS 1.410 establishes the Commission on Judicial Fitness and Disability (Commission), and ORS 1.420 to ORS 1.430 set out procedures by which the Commission may investigate any complaint concerning the conduct of a judge. Those procedures permit the Commission and a judge who is the subject of a complaint to enter into a stipulation as to the facts and the appropriate sanction. ORS 1.420(1)(c); ORS 1.430(2). One permissible sanction is censure by this court. ORS 1.430(2); *see also* Or Const, Art VII (Amended), § 8(1)(e) (authorizing censure by the Supreme Court as sanction for violation of rule of judicial conduct). In this proceeding, the Commission and the accused, the Honorable Timothy Barnack, a judge of the Circuit Court of the State of Oregon for Jackson County, have agreed to a Stipulation of Facts and Consent to Censure (stipulation), in which the accused has stipulated that he engaged in conduct that violated the Oregon Code of Judicial Conduct JR 1-101(A) (judge shall observe high standards of conduct so that integrity, impartiality, and independence of the judiciary are preserved) and JR 1-101(C) (judge shall not engage in conduct that reflects adversely on the judge's character, competence, temperament, or fitness to serve as a judge).

We set out the stipulation in pertinent part:

"The accused stipulates as follows:

"1.   If a contested hearing was held in this matter, clear, cogent and convincing evidence would be presented sufficient to establish the facts that follow;

"2.   At all material times herein, the accused was a judge on the Circuit Court in Jackson County, State of Oregon.

"3.   In October 2011, defendant Richard Lee Taylor was convicted of 21 sex crimes including five counts of using a child in a display of sexually explicit conduct, one count of sexual abuse in the first degree, one count of sodomy in the second degree, three counts of encouraging child sexual abuse in the first degree, and three counts of encouraging child sexual abuse in the second degree.

"4.   Taylor's victims were two 12 year old boys. The evidence included about 30 video recordings showing Taylor sexually abusing the boys. The recordings were so disturbing that jurors thanked Judge Barnack for stopping some of the video shown during the three day trial. Several jurors cried. Three jurors asked Judge Barnack whether there was counseling available to them.

"5.   On January 21, 2012, Judge Barnack sentenced Taylor to 21 life sentences in prison without the possibility of parole. Taylor declined to comment during his sentencing when asked by the judge if he wished to do so.

"6.   Judge Barnack referred to Taylor as a 'piece of shit,' repeatedly asked Taylor if he wanted to salvage his soul, commented that community members might ask why Taylor isn't 'hanging from a tree' and that he personally hopes that Taylor rots in prison.

"7.   Judge Barnack, like the jurors, says he was traumatized from viewing the videos of the abuse.

"8.   Judge Barnack acknowledges he lost control of his emotions when Taylor declined to speak at his sentencing. Judge Barnack felt Taylor evidenced an indifferent and unsympathetic attitude towards his victims, one of whom was in the courtroom. Judge Barnack acknowledges that his comments were inappropriate.

"9.   After sentencing, Judge Barnack sent an email to the other Jackson County Circuit Court Judges apologizing for his remarks at the sentencing of Taylor. Judge Barnack sought counseling from more experienced judges regarding how best to manage emotionally charged courtroom situations. Furthermore, Judge Barnack has adopted procedures such as a prepared script for sentencing to ensure that such behavior is not repeated."

Pursuant to ORS 1.430(2), the court has reviewed the stipulation of facts and the disciplinary action to which the accused has consented. The court approves the consent to censure.

The accused is censured.